UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

| | |
|---|---|
| EMRE EROL on behalf of himself and on behalf of all others similarly situated, | : |
| | : **Docket No.: 25-cv-02196-PKC-JRC** |
| Plaintiffs, | : |
| | : **TOLLING AGREEMENT FOR FLSA CLAIMS** |
| -against- | : |
| | : |
| 4 NY INC. d/b/a ROCCA CAFÉ & LOUNGE, MUSTAFA ALKAN, MEMET ARSLAN, and HUSEYIN KAYMAK, | : |
| | : |
| Defendants. | |

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

This Tolling Agreement (the "<u>Agreement</u>") is made and entered into as of the 2nd day of September, 2025 (the "<u>Effective Date</u>"), by and between the parties in the above-referenced matter (Plaintiff and Defendants are hereinafter collectively referred to as the "<u>Parties</u>" and individually as a "<u>Party</u>").

WHEREAS, Plaintiffs allege certain violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("<u>FLSA Claims</u>"), including but not limited to claims for unpaid minimum wage, unpaid overtime compensation, and liquidated damages, and potentially claims for retaliation;

WHEREAS, Defendants deny any and all liability with respect to the FLSA Claims and asserts various defenses;

WHEREAS, the Parties desire to engage in good faith discussions and negotiations to attempt to resolve the FLSA Claims on a class wide basis without the necessity of formal litigation; and

WHEREAS, to facilitate such discussions and negotiations, the Parties mutually desire to suspend the running of any applicable statutes of limitation and other time-based defenses related to the FLSA Claims for a defined period.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions.**

    - **"Effective Date"** shall mean the date first written above.

    - **"FLSA Claims"** shall mean any and all claims, demands, causes of action, and damages (including but not limited to unpaid minimum wages, unpaid overtime compensation, liquidated damages, and retaliation claims) that Plaintiff has or

- may have against Defendants, or that any similarly situated employee may have against Defendants, arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., related to events occurring prior to the Effective Date.

  o **"Tolling Period"** shall mean the period commencing on the Effective Date and ending on February 6, 2026 (the "Tolling Date"), unless earlier terminated or extended as provided herein.

  o **"Similarly Situated Employees"** shall mean all current and former employees of Defendants who are similarly situated to Plaintiffs with respect to the FLSA Claims.

2. **Tolling Provision.**

    o Any and all applicable statutes of limitation, statutes of repose, laches, and any other time-based defenses (collectively, "Time-Based Defenses") that could be asserted by either Party concerning the FLSA Claims shall be, and hereby are, tolled and suspended during the Tolling Period. This means that the Tolling Period shall not be counted for any purpose in determining the amount of time that has elapsed for the filing of any judicial or administrative proceedings related to the FLSA Claims.

3. **Scope of Tolling.**

    o This Agreement applies solely to the FLSA Claims as defined herein. It does not affect any other claims, demands, causes of action, or defenses that either Party or those similarly situated to Plaintiff may have against any Defendant, whether existing now or arising in the future, that are not explicitly covered by the definition of FLSA Claims.

4. **No Admission of Liability.**

    o Nothing in this Agreement, nor the act of entering into or performing under this Agreement, shall constitute or be construed as an admission or concession of any claim, cause of action, fact, conclusion, or liability by either Party. This Agreement is entered into solely for the purpose of facilitating settlement discussions and preserving claims during the Tolling Period.

5. **Preservation of Rights and Defenses.**

    o Except as expressly provided in this Agreement, each Party reserves all rights, claims, demands, causes of action, and defenses, whether at law or in equity, that it may have against the other Party.

6. **No Revival of Lapsed Claims.**

    o This Agreement does not revive any FLSA Claims or any other claims or defenses that were already time-barred or had expired under any applicable statute

of limitations, statute of repose, or other Time-Based Defense prior to the Effective Date.

7. **No Litigation During Tolling Period.**

    o During the Tolling Period, the Parties agree not to initiate any lawsuit, arbitration, or other formal legal proceeding against each other concerning the FLSA Claims. This provision does not preclude any Party from taking action necessary to comply with a court order or to protect its rights in an existing proceeding not covered by this Agreement.

8. **Termination.**

    o This Agreement shall automatically terminate on the Tolling Date. Notwithstanding the foregoing, either Party may terminate this Agreement at any time prior to the Tolling Date by providing one (1) calendar days' written notice to the other Party. Upon termination, the Tolling Period shall end, and all Time-Based Defenses shall resume running from the date of termination as if no tolling had occurred, with the period of tolling being excluded from the calculation.

9. **Extension.**

    o The Tolling Period may be extended only by a written agreement signed by all Parties.

10. **Confidentiality.**

    o The existence and terms of this Agreement, as well as all discussions, negotiations, and information exchanged during the Tolling Period related to the FLSA Claims, shall be kept strictly confidential by the Parties, except as required by law or to enforce the terms of this Agreement.

11. **Governing Law.**

    o The FLSA Claims themselves shall be governed by the Fair Labor Standards Act and applicable federal law. This Agreement and any disputes arising out of or related to the interpretation or enforcement of this Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles.

12. **Entire Agreement.**

    o This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

[no more text on this page]

13. **Counterparts and Electronic Signatures.**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile or electronic signatures shall have the same force and effect as original signatures.

| ROBERT WISNIEWSKI P.C. | FRANKLIN, GRINGER & COHEN, P.C. |
|---|---|
| */s/Robert Wisniewski* | */s/ Elana T. Henderson* |
| Robert Wisniewski, Esq. | Elana T. Henderson, Esq. |
| 17 State Street, Suite 820 | 666 Old Country Road, Ste. 202 |
| New York, NY 10004 | Garden City, NY 11530 |
| (212) 267-2101 | (516) 22803131 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

9/3/2025

SO ORDERED,

/s/ James R. Cho
_____
Hon. James R. Cho
United States Magistrate Judge

4